UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------- X

PAOLO ERCOLANI and PAOLA AIELLO,           :

        Plaintiffs,                              :     15 Civ. 4654

        v.                                       :

THE REPUBLIC OF ARGENTINA,                 :

        Defendant.
-------------------------------------------- X

# MEMORANDUM OF LAW IN SUPPORT OF IN SUPPORT OF THE MOTION BY PAOLO ERCOLANI AND PAOLA AIELLO FOR PARTIAL SUMMARY JUDGMENT AND SPECIFIC PERFORMANCE

McDERMOTT WILL & EMERY LLP
Banks Brown
Audrey Lu
340 Madison Ave.
New York, NY 10173
(212) 547-5400

*Attorneys for Plaintiffs Paolo Ercolani and Paola Aiello*

Pursuant to Federal Rules of Civil Procedure 56(a) and 65(d), Paolo Ercolani and Paola Aiello ("Plaintiffs") respectfully move for: (i) partial summary judgment on their claim that Argentina violated its contract with Plaintiffs when it subordinated the rank of Plaintiffs' bonds to bonds issued to those who participated in the 2005 and 2010 Exchange Offers (the "Exchange Bondholders") and when it made payments to the Exchange Bondholders while refusing to make any payments to Plaintiffs and (ii) as a result of such breach, equitable relief in the form of an order of specific performance requiring Argentina to make ratable payments to Plaintiffs any time that it makes, or attempts to make, payments on the Exchange Bonds (defined herein).

## I. THIS COURT HAS ALREADY HELD THAT ARGENTINA VIOLATED THE PARI PASSU CLAUSE.

In February 2015, a number of holders of bonds issued by Argentina pursuant to the 1994 Fiscal Agency Agreement ("1994 FAA") filed motions for partial summary judgment based on Argentina's violations of the Equal Treatment Provision of the Pari Passu Clause as to their bonds. *NML Capital, Ltd. v. Republic of Argentina,* No. 14 Civ. 8601 (TPG), 2015 WL 3542535 (S.D.N.Y. June 5, 2015), attached hereto as Exhibit A. On June 5, 2015, the Court granted those motions for partial judgment, finding:

> [Argentina's] long course of conduct makes clear that the Republic no longer considers the FAA bonds "direct, unconditional, unsecured and unsubordinated obligations of the Republic." FAA ¶ 1(c). By issuing the Exchange Bonds and passing legislation prohibiting payment on the FAA bonds, the Republic has created a superior class of debt to that held by plaintiffs. By making payments on this superior class of debt, the Republic has violated its promise to rank plaintiffs' bonds equally with its later-issued external indebtedness. Thus, the court holds, in light of the Republic's entire and continuing course of conduct, that it has breached the pari passu clause of the FAA.

*Id.,* at *9.

Although Plaintiffs in this action were not plaintiffs in the earlier actions, Plaintiffs are similarly situated to the bondholders in the earlier action and the facts are identical in all relevant

respects. Specifically, Plaintiffs in this action currently hold bonds issued by Argentina pursuant to the 1994 FAA; Plaintiffs have a final judgment for principal and interest on those bonds; and Plaintiffs have not participated in any of Argentina's Exchange Offers and have not received any payment from Argentina of any type or in any amount. *See* Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("SOF") ¶¶ 1, 2, 24, 25, 51. Accordingly, this Court should hold that the rationale it applied in its June 5, 2015 Opinion and Order granting the prior bondholders' motion for partial summary judgment and finding that Argentina had breached the Pari Passu Clause should also apply in this action.

## II. PLAINTIFFS ARE ENTITLED TO SPECIFIC PERFORMANCE OF THE EQUAL TREATMENT PROVISION

After this Court issued its June 5, 2015 Order, on and around August 14, 2015, NML Capital and other similarly situated bondholders, filed motions moving this Court for an Order for Specific Performance of the Equal Treatment Provision of the Pari Passu Clause. *See* Motion by NML Capital, Ltd. for Specific Performance filed on August 14, 2015 in *NML Capital, Ltd. v. Republic of Argentina*, Nos. 14 Civ. 8601 (TPG), 14 Civ. 8988 (TPG) and the Declaration of Robert A. Cohen, dated August 14, 2015. Those motions request that this Court require Argentina to make ratable payments to Plaintiffs with respect to the bonds at issue at any time that Argentina pays any amount due under terms of the bonds or other obligations issued pursuant to Argentina's 2005 or 2010 Exchange Offers, or any subsequent exchange of, or substitution for, the 2005 and 2010 Exchange Offers that may occur in the future. Plaintiffs in this action hereby join and incorporate by reference those motions, and respectfully request that the Court direct its attention to the memorandum of law and declaration therein.

## CONCLUSION

For the foregoing reasons, the Court should: (i) grant Plaintiffs motion for partial judgment summary judgment holding Argentina in breach of the Pari Passu Clause and (ii) specifically enforce the Equal Treatment Provision by entering the Proposed Order, which is attached to the Notice of Motion, requiring Argentina to pay Plaintiffs ratably if and when it makes payment on the Exchange Bonds.

September 11, 2015

Respectfully submitted,

McDERMOTT WILL & EMERY LLP

By:    /s/ Banks Brown
        Banks Brown
        Audrey Lu
        340 Madison Ave.
        New York, NY 10173
        (212) 547-5400

*Attorneys for Plaintiffs Paolo Ercolani and Paola Aiello*

DM_US 63736863-1.072865.0011